UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODRICK E. DEBOSE,

       Plaintiff,

v.                                                              CASE NO. 8:21-cv-417-T-35SPF

SPECTRUM and CHARTER
COMMUNICATIONS,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court are *pro se* Plaintiff's complaint (Doc. 1) and his application to proceed *in forma pauperis* (Doc. 2). Plaintiff seeks a waiver of the filing fee for his complaint, which purports to assert claims against Spectrum and Charter Communications under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (TILA) (Doc. 1).[1] The undersigned recommends that the motion be denied and Plaintiff's complaint dismissed without prejudice.

---

[1] Plaintiff initiated six other actions in the Middle District of Florida around the same time as this one, all of which remain pending. *See DeBose v. Chase Bank*, Case No. 8:21-cv-411-CEH-JSS (M.D. Fla.) (case filed Feb. 22, 2021); *DeBose v. Tampa Electric Co.*, Case No. 8:21-cv-412-CEH-AEP (M.D. Fla.) (case filed Feb. 22, 2021); *DeBose v Suncoast Credit Union*, Case No. 8:12-cv-413-SDM-CPT (M.D. Fla.) (case filed Feb. 22, 2021); *DeBose v. Citi Bank, N.A.*, Case No. 8:21-cv-415-MSS-AEP (M.D. Fla.) (case filed Feb. 22, 2021); *DeBose v. Experian Info. Solutions Inc.*, Case No. 8:21-cv-416-KKM-TGW (M.D. Fla.) (case filed Feb. 22, 2021); and *DeBose v. Synchrony Bank*, Case No. 8:21-cv-516-SDM-SPF (M.D. Fla.) (case filed Mar. 4, 2021). Plaintiff seeks to assert similar claims against different defendants in those actions.

### A. *In forma pauperis* **statute**

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015)[2]. Where a district court determines from the face of the complaint that the factual allegations are baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

the misconduct alleged." *Id*. at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id*. at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id*. at ——, 129 S.Ct. at 1949 (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and therefore construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). To state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3); *see Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").[3] The plaintiff must

---

[3] Although courts afford liberal construction to *pro se* litigants' pleadings, they must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.") (citation and internal quotation marks omitted); *Moon v. Newsome*, 863

3

state his or her claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, and, to promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count.  Fed. R. Civ. P. 10(b).

B. **Analysis**

Here, the complaint (Doc. 1) does not contain factual allegations providing the court with enough information to determine whether Plaintiff can state a viable claim. Essentially, Plaintiff appears to maintain a dispute regarding an account he held either with Defendant Spectrum or Defendant Charter Communications and Defendants' purportedly unlawful practices to maintain and collect payment for the debt on that account.  Although Plaintiff alleges grounds for the court's jurisdiction under the FDCPA and TILA, and seeks relief in the form of monetary damages totaling $214,000 and $36,000 in "federal violations," Plaintiff fails to provide a short and plain statement of the claim showing that he is entitled to relief and fails to set forth his claims in separate, numbered paragraphs or counts (Doc. 1 at 5).

Considering the allegations in the complaint, along with the accompanying exhibits, it is unclear if or how Spectrum or Charter Communications violated the FDCPA or TILA.  TILA requires creditors to provide borrowers clear and accurate disclosures regarding such things as finance charges, annual interest rates, and borrower's rights. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635,

---

F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

1638).   If a creditor fails to provide a required disclosure, the borrower may sue for statutory and actual damages within one year of the violation.   15 U.S.C. § 1640(a) & (e).   "The FDCPA regulates what debt collectors can do in collecting debts."   *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (citing 15 U.S.C. §§1692-1692p).   To state a claim under the FDCPA, a plaintiff must sufficiently allege that the plaintiff has been on the receiving end of collection activity arising from a consumer debt, the defendant is a debt collector as defined by the FDCPA, and the defendant engaged in an act or omission specifically prohibited by the FDCPA.   *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1243 (M.D. Fla. 2019) (quotation and citations omitted).

Plaintiff's complaint attaches "Affidavits of Truth" regarding actions allegedly taken by Spectrum, but nothing in those affidavits, the complaint, or the other exhibits attached to the complaint establishes a claim under TILA or the FDCPA.   Plaintiff contends, on the one hand, that he entered into a consumer credit transaction, while, on the other hand, Plaintiff alleges that Spectrum or Charter Communications have used abusive practices and deceptive forms in an attempt to collect on a debt Plaintiff does not owe (Doc. 1 at 4-5).   Apparently, Spectrum "has [Plaintiff's] credit card and continues to bill [him] after completing a consumer credit transaction" (Doc. 1 at 4).   Plaintiff attaches an account statement from Spectrum showing that, as of November 2020, Plaintiff owed $64.99 (Doc. 1-1 at 15-21).   But nothing in the record demonstrates that Spectrum or Charter Communications made any inaccurate disclosures prohibited by TILA or committed acts or omissions that violate the FDCPA.   Rather, based on the November 2020 account statement, the debt appears valid because Spectrum sent monthly statements

to Plaintiff at his home address and Plaintiff paid the same amount the previous statement cycle (*Id.* at 18).  Considering this, nothing alleged in the complaint nor provided in the accompanying exhibits appears to establish a viable claim under TILA or the FDCPA.

### C. Conclusion

Rather than dismiss Plaintiff's claims in their entirety, it is appropriate to afford him an opportunity to file an amended complaint, which should set forth factual allegations establishing that Plaintiff is entitled to relief in this forum and identifies which claims he seeks to assert against which defendant, and to either renew the request to proceed without prepayment of fees and costs or pay the filing fee.  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (*per curiam*) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."); *see* Local Rule 4.07(a), M.D. Fla. ("The Court may dismiss the case if satisfied that the action is frivolous or malicious, as provided by 28 U.S.C. § 1915(e); or may enter such other orders as shall seem appropriate to the pendency of the cause….").

Accordingly, for the foregoing reasons, it is hereby

**RECOMMENDED**:

1.    Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied without prejudice.[4]

---

[4] If Plaintiff intends to represent himself in this matter, he should familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can typically be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida.  If Plaintiff would like assistance in pursuing the claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a

2.      Plaintiff's complaint (Doc. 1) be *sua sponte* dismissed without prejudice.

3.      Plaintiff be allowed to file an amended complaint that sets forth a factual basis for the Court's jurisdiction and for his claims and to file a renewed request to proceed *in forma pauperis*.

4.      Plaintiff be advised that failure to file an amended complaint within the allotted time may result in dismissal of this action.

**IT IS SO REPORTED** in Tampa, Florida, on March 8, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

request form at federalbartampa.org/resources/pro-bono-information.  Plaintiff is also encouraged to consult www.fedbar.org/prosehandbook and to consult the "Litigants without Lawyers" guidelines on the Court's website, located at www.flmd.uscourts.gov/litigants-without-lawyers.

**<u>NOTICE TO PARTIES</u>**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.


cc:     Hon. Mary S. Scriven
        Plaintiff, *pro se*

8