UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODRICK E. DEBOSE,

    Plaintiff,

v.                                                           CASE NO. 8:21-cv-417-TPB-SPF

SPECTRUM and CHARTER
COMMUNICATIONS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff's second Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 10), which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and Plaintiff's Notice to Court to Take Judicial Notice (Doc. 15), which appears to be a supplement of legal authorities in support of Plaintiff's *in forma pauperis* motion.[1]

The Court may authorize the commencement of any suit, action, or proceeding without payment of fees and costs or security by a person who submits an affidavit that

---

[1] Plaintiff initiated eight other actions in the Middle District of Florida around the same time as this one, all of which remain pending. *See DeBose v. Chase Bank*, Case No. 8:21-cv-411-CEH-JSS (M.D. Fla.) (case filed Feb. 22, 2021); *DeBose v. Tampa Electric Co.*, Case No. 8:21-cv-412-CEH-AEP (M.D. Fla.) (case filed Feb. 22, 2021); *DeBose v Suncoast Credit Union*, Case No. 8:12-cv-413-SDM-CPT (M.D. Fla.) (case filed Feb. 22, 2021); *DeBose v. Citi Bank, N.A.*, Case No. 8:21-cv-415-MSS-AEP (M.D. Fla.) (case filed Feb. 22, 2021); *DeBose v. Experian Info. Solutions Inc.*, Case No. 8:21-cv-416-KKM-TGW (M.D. Fla.) (case filed Feb. 22, 2021); *DeBose v. Spectrum*, Case No. 8:21-cv-417-TPB-SPF (M.D. Fla.) (case filed Feb. 22, 2021); *DeBose v. PNC Bank*, Case No. 8:21-cv-790-WFJ-AEP (M.D. Fla.) (case filed Apr. 1, 2021); and *DeBose v. BMO Harris Bank N.A.*, Case No. 8:21-cv-791-CEH-AEP (M.D. Fla.) (case filed Apr. 1, 2021). Plaintiff seeks to assert similar claims against different defendants in those actions.

includes a statement of all assets such person possesses and establishes that the person is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (per curiam) (citing *Coppedge v. United States*, 369 U.S. 438, 446-47 (1962)). "[P]roceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). While the district court has wide discretion in ruling on an application for leave to proceed *in forma pauperis*, it should grant such a privilege "sparingly" in civil cases for damages. *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916 (11th Cir. 2014); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).

When considering whether a litigant is indigent under § 1915, the only determination to be made by the district court is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. In making this determination, the district court must compare the litigant's assets and liabilities. *Thomas*, 574 F. App'x at 917. A litigant need not show he or she is "absolutely destitute" to qualify for indigent status. *Martinez*, 364 F.3d at 1307. Rather, an application need only show that the litigant, because of poverty, is unable to pay for the court fees and costs while providing necessities for the litigant and any dependents. *Id.* "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.*

Here, Plaintiff has failed to establish his financial eligibility to proceed *in forma pauperis*.[2] According to Plaintiff's affidavit in support of his application, he receives $2,270 per week in take home pay (roughly $9,080 per month) (Doc. 10). Plaintiff has $1,754 in his bank account, he owns stock worth $8,831.99, and he has $50,000 in equity in his home (*id.*). So, while Plaintiff's monthly financial obligations total $3,845, his assets exceed his obligations (*id.*). Based on Plaintiff's affidavit, the Court finds Plaintiff is not indigent. The Court is satisfied that Plaintiff can pay the court filing fee while still providing necessities for himself and his dependents. *See DeBose v. Chase Bank*, 8:21-cv-411-CEH-JSS, Doc. 9 (M.D. Fla. Apr. 13, 2021) (finding Mr. DeBose's affidavit of indigency, in which he attests to fewer assets than those identified here, insufficient to establish his financial eligibility to proceed *in forma pauperis*).

Accordingly, it is hereby **RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 10) and Notice to Court to Take Judicial Notice (Doc. 15) be **DENIED**.[3]

---

[2] This is Plaintiff's second *in forma pauperis* motion. After the undersigned recommended the district judge deny Plaintiff's first motion for failure to state a claim (Doc. 8), Plaintiff amended his complaint and re-filed his *in forma pauperis* motion (Docs. 10-11), attesting to different financial circumstances (*compare* Doc. 2 at 2-5 *with* Doc. 10 at 1-2). Since then, Plaintiff has filed a second amended complaint (Doc. 14) and a document titled Notice to Court to Take Judicial Notice (Doc. 15), which appears to be a supplement of legal authorities in support of his *in forma pauperis* request.

[3] If Plaintiff intends to represent himself in this matter, he should familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can typically be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. If Plaintiff would like assistance in pursuing the claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at federalbartampa.org/resources/pro-bono-information. Plaintiff is also encouraged to consult www.fedbar.org/prosehandbook and to consult the "Litigants without Lawyers" guidelines on the Court's website, located at www.flmd.uscourts.gov/litigants-without-lawyers.

2. Plaintiff be **DIRECTED** to pay the filing fee to the Clerk and advised that his failure to do so may result in the dismissal of this action without prejudice.

**IT IS SO REPORTED** in Tampa, Florida, on June 7, 2021.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.